IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DEMARCO WYMBS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:22-cv-220 (MTT) |
| | ) |
| Warden **TAMARSHE SMITH,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Plaintiff Demarco Wymbs—an inmate in the custody of the Georgia Department of Corrections ("GDC")—filed this 42 U.S.C. § 1983 action alleging various constitutional claims stemming from an alleged use of force incident while he was on "yard call" at Macon State Prison ("MSP"). Doc. 5. Wymbs asserts Eighth Amendment excessive force claim against Defendants Corey Lockett, Jaylen White, Carrington Williams, and Avery Williams. Docs. 5; 7 at 11. The defendants move for summary judgment, arguing (1) Wymbs failed to exhaust administrative remedies as required by the Prison Litigation Reform Act ("PLRA"); (2) Wymbs's claims against them in their official capacities are barred by the Eleventh Amendment; and (3) Wymbs's injuries were de minimis and therefore his claim for compensatory damages is barred by the PLRA. Doc. 36.

United States Magistrate Judge Charles Weigle recommends that defendants' motion be granted in part and denied in part. Doc. 39. The Magistrate Judge

recommends granting the motion as to Wymbs's claims against the defendants in their official capacities because those claims are barred by the Eleventh Amendment and fail to state a claim under § 1983.  *Id.* at 7-9.  The Magistrate Judge also recommends that the defendants' motion be granted as to any claim for compensatory damages because it is undisputed that Wymbs's injuries were de minimis and, therefore, the PLRA bars recovery of these damages.[1]  *Id*.  However, the Magistrate Judge recommends denying the defendants' motion as to Wymbs's claims for punitive damages because § 1997e(e) of the PLRA permits claims for punitive damages without a showing of physical injury.  *Id.* at 8-9.  *See Hoever v. Marks*, 993 F.3d 1353, 1355-56 (11th Cir. 2021).  Finally, the Magistrate Judge recommends denying defendants' motion for summary judgment based on Wymbs's failure to exhaust administrative remedy because the defendants waived any exhaustion defense by failing to specifically raise it in their answer.  Doc. 39 at 5-7.  There are no objections, so pursuant to 28 U.S.C. § 636(b)(1) the Court reviews the Recommendation for clear error.

After review, the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Judge.  The Recommendation (Doc. 39) is **ADOPTED** and made the order of the Court.  Accordingly, the defendants' motion for summary judgment (Doc. 36) is **GRANTED in part** and **DENIED in part**.  Defendants waived any exhaustion defense by failing to assert it in their answer.  However, the defendants are entitled to judgment as to any claims against them in their official capacities and for compensatory damages.  Wymbs may maintain his claim for nominal and punitive damages against the defendants in their individual capacities.

---

[1] Wymbs testified at his deposition that he suffered only minor scratches and scars and described his injuries as "nothing major."  Doc. 36-4 at 163:13-23.  Wymbs denies experiencing any lingering pain or symptoms, and his injuries did not require medical treatment.  *Id.* at 150:4-25—151:1-6.

-3-

**SO ORDERED**, this 15th day of February, 2024.

<u>S/ Marc T. Treadwell</u><br>
MARC T. TREADWELL, CHIEF JUDGE<br>
UNITED STATES DISTRICT COURT